# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

EDITH RENFROE,

    Plaintiff,

vs.    Case No. 3:19-cv-521-J-34JBT

NATIONSTAR MORTGAGE, LLC,

    Defendant.

_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant Nationstar Mortgage, LLC's (Nationstar) Motion to Dismiss Amended Complaint (Doc. 8, Motion) filed on June 7, 2019. Plaintiff, Edith Renfroe, proceeding pro se, responded to the Motion on July 16, 2019 (Doc. 10, Response). Therefore this matter is ripe for review.

### **I.    Standard of Review**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 Fed. Appx. 837, 839 (11th Cir. 2011)[1] (quoting GJR Invs.,

---

[1] "Although an unpublished opinion is not binding..., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

**II.  Background**

In her Amended Complaint and Request for Injunctive Relief, see Doc. 4 (Amended Complaint), filed May 31, 2019, Renfroe alleges that Nationstar began servicing Renfroe's mortgage loan in April of 2014. See id. at 6.[2] In August of 2014, Nationstar filed an action in the Circuit Court for Duval County, Florida, to foreclose on the mortgage. Id. at 6-7; Mortgage Foreclosure Action.  Renfroe asserts Nationstar did not provide her with the notice of default as required by the Mortgage Agreement, despite statements to the contrary in Nationstar's circuit court complaint to foreclose on her mortgage.  Amended Complaint at 7; Mortgage Foreclosure Action at 3.  Additionally, Renfroe contends that she was denied the opportunity "to answer and dispute the claims raised" in Nationstar's foreclosure complaint, while nonetheless acknowledging that she answered the complaint, and raised "fraud and forgery" as an affirmative defense. Amended Complaint at 8, 13; Order on Motion for Rehearing at 2.  As such, Renfroe suggests that Nationstar committed a fraud on the state court.  Amended Complaint at 12-13.

This Court's review of the state court docket further reflects that on February 13, 2017, the state court entered a final judgment of foreclosure in favor of Nationstar and

---

[2] On a motion to dismiss, the Court's consideration is limited to those facts contained in the complaint and the attached exhibits. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007).  Under Rule 10(c), "attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985); see also Fed. R. Civ. P. 10(c) (the exhibits are part of the pleading "for all purposes"). Additionally, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., 496 F.3d at 1206.  In this regard, Renfroe attached a number of documents to her Amended Complaint. See Doc. 4-1 (Nationstar Service Letter); Doc. 4-2 (Mortgage Foreclosure Action); Doc. 4-3 (Copy of Mortgage Agreement); Doc. 4-4 (Copy of Mortgage Agreement Duplicate); Doc. 4-5 (Transcript Excerpt); Doc. 4-6 (Order of Dismissal, Case. No. 16-2010-CA-3944); Doc. 4-7 (Order Dismissing Plaintiff's Complaint Without Prejudice, Case No. 16-2010-CA-3944); Doc. 4-8 (Order on Motion for Rehearing).

scheduled a foreclosure sale for May 18, 2017.  See Nationstar Mortgage, LLC v. Edith Renfroe, Case No. 2014-CA-6052 (Fla. 4th Cir. Ct. 2017) (State Action).[3]  Through a series of successive motions however, the foreclosure sale has been delayed, and a final date for the sale has not been set.  Although Florida's First District Court of Appeal affirmed the final judgment of foreclosure on April 27, 2018, the state court docket indicates that the case remains open.

Renfroe filed the instant action on May 3, 2019, requesting that the Court enjoin Nationstar from proceeding with the state court Mortgage Foreclosure Action against her, generally alleging that action violated her procedural due process rights.  See generally Doc. 1 (Complaint).  The Court struck the Complaint, questioning whether it had subject matter jurisdiction over Renfroe's claims pursuant to either the Rooker-Feldman or Younger abstention doctrines.  See Doc. 3 at 2-4 (Order Striking Complaint), filed May 10, 2019.  After advising Renfroe of the general substance of these doctrines, the Court gave Renfroe leave to amend her Complaint.  Id. at 4-5.  Renfroe subsequently filed her

---

[3] Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Notably, courts may take judicial notice of documents from another proceeding because they are matters of public record and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. 2010). However, a "'court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992)). As such, "a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." Jones, 29 F.3d at 1553. In taking judicial notice of the state court docket and documents filed therein to determine the status of the state foreclosure action, the Court will not take notice of the facts contained within those documents. See id.; see also Kruse, Inc. v. Aqua Sun Invs., Inc., No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *3 n.2 (M.D. Fla. Jan. 31, 2008) ("Pursuant to Federal Rule of Evidence 201, the Court is taking judicial notice of the state case and its docket entries, . . . but not of the facts contained in those documents.").

Amended Complaint, in which she fleshes out the factual allegations articulated in her initial Complaint, but otherwise generally reiterates her claim for injunctive relief against Nationstar in the state court Mortgage Foreclosure Action.

**III.    Arguments of the Parties**

In its Motion, Nationstar moves to dismiss Renfroe's Amended Complaint arguing that the Court lacks subject matter jurisdiction over this action.  Motion at 3.  In particular, Nationstar asserts that because Renfroe is asking the Court to review a state court proceeding, this Court lacks jurisdiction pursuant to the Rooker-Feldman doctrine.[4]  Id. at 3-4.  In the alternative, Nationstar contends that if the State Action is not final, the Court lacks jurisdiction pursuant to the Younger abstention doctrine.[5]  Id. at 4.  Therefore, Nationstar argues that the Court should dismiss the case.  Liberally construing Renfroe's Response, as the Court must, Tannenbaum, 148 F.3d at 1263, Renfroe asserts that the Rooker-Feldman doctrine does not apply here because the underlying state judgment was obtained by fraud and deceit, and that the Mortgage Foreclosure Action against her violated her procedural due process rights.  Response at 2, 4-5, 11.

**IV.    Discussion**

As this Court stated in its Order Striking Complaint, to the extent Renfroe is asking this Court to review, overturn, or interfere with the State Action, this Court lacks subject matter jurisdiction over the claim under Rooker-Feldman.  "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States

---

[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. Of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).
[5] See Younger v. Harris, 401 U.S. 37 (1971).

Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482); see also Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 677 (11th Cir. 2014) ("Insofar as the [Plaintiff] seeks to have [her foreclosure] judgment declared null and void by the district court sitting in diversity, such claim is barred by the Rooker-Feldman doctrine."); Bedasee v. Fremont Inv. & Loan Co., 741 Fed. Appx. 642, 644 (11th Cir. 2018) ("Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court 'review and reject[]' the state foreclosure judgment: an action that is exactly what the Rooker-Feldman doctrine prohibits.").

"An exception to this doctrine exists when a plaintiff had no reasonable opportunity to raise federal claims in state proceedings." Kotz, M.D., v. Florida, 33 F.Supp.2d 1019, 1026 (M.D. Fla. 1998) (citations omitted). However, to the extent Renfroe alleges that she was denied the opportunity "to answer and dispute the claims raised" in Nationstar's mortgage foreclosure action against her, and such alleged denial is the basis of her constitutional claims, by her own pleadings, Renfroe acknowledged that she answered Nationstar's complaint and raised "fraud and forgery" as an affirmative defense. Amended Complaint at 7-8, 13; Order on Motion for Rehearing at 2. Moreover, the state court acknowledged but ultimately rejected her fraud and forgery claims in its Order on Motion for Rehearing. See Order on Motion for Rehearing at 2-3. Hence, even if the Court liberally construes Renfroe's filings as attempting to assert a federal claim, by her very own assertions in her Amended Complaint, she was indeed afforded an opportunity by the state court to "answer and dispute the claims raised" against her. Amended Complaint at 8, 13. Additionally, and again liberally construing Renfroe's pleadings, to the extent she has alleged that Nationstar's purported actions constitute a fraud on the court, and thus

her action is not barred by the Rooker-Feldman doctrine, this argument also fails. The Eleventh Circuit has stated that

> [i]t is true that some of our sister circuits have recognized an extrinsic-fraud exception to Rooker–Feldman. See, e.g., In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986) ("A federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.") (quotation marks omitted); Resolute Ins. Co. v. State of N.C., 397 F.2d 586, 589 (4th Cir.1968) (same). But we have not, and we do not do so now.

Scott v. Frankel, 606 Fed. Appx. 529, 532 (11th Cir. 2015). As such, Renfroe's current action does not fall within any of the relevant Rooker-Feldman exceptions.

Alternatively, if Renfroe's claim is construed as requesting that this Court interfere with an ongoing state court proceeding, the Younger abstention doctrine applies.[6] The Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings." New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989). The Younger abstention doctrine is applicable to both criminal proceedings and to non-criminal proceedings when important state interests are involved. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). A court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citing Middlesex County Ethics Comm., 457 U.S. at 432). See also Dixon

---

[6] Although the judgment in the Mortgage Foreclosure Action appears to be a final judgment, because the state court case remains open due to the sale not yet having been completed, the Court addresses Younger abstention in an abundance of caution.

v. Haworth, Case No. 8:09-cv-1017-T-30EAJ, 2009 WL 4730546, at *1 (M.D. Fla. Dec. 4, 2009). To the extent the Mortgage Foreclosure Action might be ongoing, Younger abstention would be warranted. See Doscher v. Menifee Circuit Court, 75 Fed. Appx. 996 (6th Cir. 2003) (Younger abstention applied to debtor's civil rights action alleging state court violated his rights during foreclosure proceeding, where foreclosure action was pending in state court, proceeding involved matter of state interest, and debtor had adequate opportunity to raise his challenges to proceedings; debtor made clear that he wanted district court to review the state court foreclosure action); McKinnon v. Wells Fargo Bank, N.A., Case No. 6:10-cv-325-Orl-28DAB, 2010 WL 731801, at *1 (M.D. Fla. March 1, 2010) (Younger abstention elements satisfied where ongoing state foreclosure proceedings "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims"); Dixon, 2009 WL 4730546, at *1 (plaintiffs "have the opportunity to raise their constitutional and evidentiary claims in the foreclosure actions, and appeal any rulings deemed improper").

Accordingly, under either the Rooker-Feldman doctrine or the Younger abstention doctrine, the Court does not have subject matter jurisdiction to consider the claims asserted in Renfroe's Amended Complaint. Indeed, any challenge to the Mortgage Foreclosure Action is properly pursued in state court, to the extent Renfroe has not already done so.

In light of the foregoing, the Court determines that Nationstar's Motion is due to be granted and Renfroe's Amended Complaint be dismissed for lack of subject matter jurisdiction.

Therefore it is **ORDERED:**

1. Defendant Nationstar Mortgage LLC's Motion to Dismiss Amended Complaint (Doc. 8) is **GRANTED**.
2. The case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.
3. The Clerk of the Court is directed to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of October, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record
Pro Se Parties